## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JABRIL EL BEY EX RELATIONE LAMARCUS KENTRELL JACKSON,** | } } } } | |
| **Plaintiff,** | } } | **Case No.: 5:17-cv-00621-MHH** |
| **v.** | } } | |
| **CITY OF MADISON, et al.,** | } } | |
| **Defendants.** | } | |

## <u>ORDER</u>

This matter is before the Court on the defendants' motions to dismiss (Docs. 6, 13, 15), motion to strike discovery (Doc. 22), and motion to strike demand for punitive damages (Doc. 8). Jabril El Bey ex Relatione Lamarcus Kentrell Jackson, who is representing himself, filed a "legal notice of removal," seeking to remove a state court criminal action to federal court. Reading Mr. El Bey's "legal notice" liberally, the Court construes the filing as a complaint in which Mr. El Bey alleges violations of his constitutional rights and seeks relief pursuant to 42 U.S.C. § 1983.

### Standard of Review

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 8(a)(2), a complaint must contain, "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Generally, to survive a [Rule 12(b)(6)] motion to dismiss and meet the requirement of Fed. R. Civ. P. 8(a)(2), a complaint need not contain 'detailed factual allegations,' but rather 'only enough facts to state a claim to relief that is plausible on its face.'" *Maledy v. City of Enterprise*, 2012 WL 1028176, at *1 (M.D. Ala. Mar. 26, 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

"Thus, the pleading standard set forth in Federal Rule of Civil Procedure 8 evaluates the plausibility of the facts alleged, and the notice stemming from a complaint's allegations." *Keene v. Prine*, 477 Fed. Appx. 575, 583 (11th Cir. 2012). "Where those two requirements are met . . . the form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." *Id.* This is particularly true with respect to *pro se* complaints. Courts must liberally construe *pro se* documents. *Erickson*, 551 U.S. at 94. "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Still, the Court may not "serve as *de facto* counsel for a party, or . . . rewrite an

otherwise deficient pleading" to "sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (internal quotations and citations omitted).

When resolving a motion to dismiss, the Court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (quoting *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam)). The Court presents Mr. El Bey's allegations accordingly.

### Factual Allegations and Procedural Background

In his complaint, Mr. El Bey alleges that the defendants violated his constitutional rights by forcing him off a public highway, detaining him, and confiscating his vehicle without due process of law. (Doc. 1, p. 3). According to the complaint, defendant David W. Templeton, an officer of the City of Madison Police Department, alleged that Mr. El Bey violated "unconstitutional private foreign corporate ordinance (not law)." (Doc. 1, p. 3). Mr. El Bey asserts that Officers Templeton and M. Craft kidnapped him on Saturday March 25th. (Doc. 1, p. 3).[1] The signature on the warrant was illegible, and the warrant was not accompanied by a sworn affidavit of fact by an injured party. (Doc. 1, p. 3).

---

[1] Mr. El Bey does not provide the year in which he alleges this kidnapping occurred. (Doc. 1, p. 3). The dates on the citations at issue indicate that these events occurred in March of 2017. (Doc. 19, pp. 9–11). The year is not significant to the Court's analysis. The Court provides the information for the sake of completeness.

Deputy T. Johnson of the Limestone County Sheriff's Department witnessed and recorded the incident on body camera. (Doc. 1, p. 3). Mr. El Bey alleges that he was "unlawfully placed in handcuffs that bruised [his] wrists" and was "taken to Madison municipal complex" where his "intellectual property (Photograph and Fingerprints) were taken without consent and under threat." (Doc. 1, p. 3).

Judge Thomas R. Parker and other officers of the Madison County Municipal Court did not answer a Quo Warranto in which Mr. El Bey asked the state court to explain its jurisdiction. (Doc. 1, p. 3). "Under duress and threat of being unlawfully kidnapped by the corporate employees," Mr. El Bey contends that he "made a Special Appearance at the Unconstitutional unlawful venue on American soil." (Doc. 1, p. 3). Mr. El Bey alleges that Judge Parker unlawfully and intentionally conspired to conceal affidavits and tamper with evidence. (Doc. 1, p. 3). Mr. El Bey adds that the Madison County Municipal Court is unconstitutional and did not provide to him due process or the rights secured by the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendments of the United States Constitution. (Doc. 1, p. 3).

Mr. El Bey asserts that he is an "Aboriginal Indigenous Moorish-American; possessing Free-hold by Inheritance status; standing squarely affirmed and bound to the Zodiac Constitution, with all due respect and honors given to the Constitution for the United States Republic, North America." (Doc. 1, p. 2). He

asserts that he holds this status because he is "a descendant of Moroccans and born in America, with the blood of the Ancient Moabites from the Land of Moab, who received permission from the Pharaohs of Egypt to settle and inhabit North-West Africa / North Gate." (Doc. 1, p. 2). He asserts that "[t]he Moors are the founders and are the true possessors of the present Moroccan Empire; with [their] Canaanite, Hittite and Amorite brethren, who sojourned from the land of Canaan, seeking new homes." (Doc. 1, p. 2).

> Our dominion and inhabitation extended from Northeast and Southwest Africa, across the Great Atlantis, even unto the present North, South and Central America and the Adjoining Islands-bound squarely affirmed to THE TREATY OF PEACE AND FRIENDSHIP OF SEVENTEEN HUNDRED AND EIGHTY-SEVEN (1787) AD. superseded by THE TREATY OF PEACE AND FRIENDSHIP OF EIGHTTEEN HUNDRED and THIRTY-SIX (1836) A.D. between Morocco and the United States . . . .

(Doc. 1, p. 1). Based on this asserted heritage, Mr. El Bey believes that he is not subject to the jurisdiction of the City of Madison Municipal Court. (Doc. 1, p. 8).

Mr. El Bey asks the Court to view him as a Moorish American National. (Doc. 1, pp. 3, 11). He contends that the charges against him are unconstitutional and that violations of various traffic laws "are not arrestable offenses." (Doc. 1, pp. 6, 10). Mr. El Bey requests due process, and he asks the federal courts to stop the defendants from abusing their "colorable authority," to inform the defendants of their obligation to uphold the Constitution, and to find the defendants criminally liable and remove them from office. (Doc. 1, p. 11). Mr. El Bey also asks the

Court to order the City of Madison Municipal Court to dismiss and expunge his traffic ticket or to bring the matter "before a legitimately-delegated, and competent 'Court of Law' of International jurisdiction/venue." (Doc. 1, p. 11). Mr. El Bey seeks $75,000 in compensatory damages and $75,000 in punitive damages from Mayor Paul Finley; $75,000 in compensatory damages and $75,000 in punitive damages from the City of Madison Police Department; $75,000 in compensatory damages and $75,000 in punitive damages from Judge Parker in his individual capacity; and $75,000 in compensatory damages and $75,000 in punitive damages from Officer Templeton in his individual capacity. (Doc. 1, pp. 11–12).

**Judge Parker's Motion to Dismiss**

Judge Parker asks the Court to dismiss the claims against him because he is entitled to absolute judicial immunity. (Doc. 16, p. 4).[2] In the Eleventh Circuit, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (internal quotation marks and citations omitted). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

---

[2] Judge Parker offers a variety of other arguments in support of his motion to dismiss. (Doc. 16, pp. 9–23). Because the Court finds that Judge Parker is entitled to absolute immunity, the Court addresses only this argument. Because the Court regards Mr. El Bey's "legal notice" as a § 1983 complaint rather than a notice of removal, the Court may exercise jurisdiction over this action pursuant to 28 U.S.C. § 1331.

Judicial immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239 (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Absolute judicial immunity applies, for example, when a party alleges that a judge accepted bribes, *Bush v. Washington Mut. Bank*, 177 Fed. Appx. 16, 18 (11th Cir. 2006), knowingly credited false testimony, *Armstrong v. Andrews*, 646 Fed. Appx. 705 (11th Cir.), *cert. denied*, __ U.S. __, 137 S. Ct. 197 (2016), or based a decision on false evidence, or suborned perjury, *Drees v. Ferguson*, 396 Fed. Appx. 656, 658 (11th Cir. 2010). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles*, 502 U.S. at 10 (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

The errors that Mr. El Bey ascribes to Judge Parker all are acts that Judge Parker took in his judicial capacity. Judge Parker has jurisdiction over criminal matters such as traffic citations and, as stated, judicial immunity applies even when a judge's acts are in excess of his jurisdiction. Because Judge Parker acted in his judicial capacity, and his acts were not in the clear absence of all jurisdiction, he is entitled to absolute judicial immunity. Therefore, the Court will grant Judge

Parker's motion to dismiss.  (Doc. 15).

### Madison Municipal Court's Motion to Dismiss

Madison Municipal Court argues that it is not a "person" subject to suit under 42 U.S.C. § 1983.  (Doc. 14, pp. 1–3).[3]  The great weight of authority supports this argument.  *See, e.g.*, *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988) (collecting cases) ("Those courts that have considered the matter seem to have held unanimously that a court is not a 'person' within the meaning of that term as used in § 1983."); *Harris v. Missouri Court of Appeals, W. Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) ("A court is not a 'person' within the meaning of the Civil Rights Act."); *Smiley v. Mobile Cty. Circuit Court*, No. CV 16-580-WS-M, 2017 WL 629464, at *2 (S.D. Ala. Jan. 18, 2017), *report and recommendation adopted*, No. CV 16-580-WS-M, 2017 WL 628611 (S.D. Ala. Feb. 15, 2017) (collecting cases).  Thus, the Court will grant Madison Municipal Court's motion to dismiss. (Doc. 13).

### The City Defendants' Motion to Dismiss

The City defendants argue that the Court should dismiss Mr. El Bey's complaint because the defendants cannot discern the particular types of claims Mr. El Bey intends to assert, the parties against whom each claim is asserted, or the

---

[3]  Madison Municipal Court offers a variety of other arguments in support of its motion to dismiss.  (Doc. 14, pp. 4–30).  The Court need not address these arguments because the Court find that Madison Municipal Court is not subject to suit under § 1983.

alleged conduct underlying the claims. (Doc. 7, pp. 14–15).[4] Liberally construing Mr. El Bey's complaint, the facts he alleges indicate that Officer Templeton initiated a traffic stop, cited Mr. El Bey for violating City ordinances, confiscated Mr. El Bey's vehicle, arrested Mr. El Bey pursuant to a warrant, and took Mr. El Bey's photograph and fingerprints as part of the arrest. (Doc. 1, p. 3). Mr. El Bey alleges that his wrists were bruised during the arrest, (Doc. 1, p. 3), and he contends that he was somehow deprived of due process when he was arrested for traffic citations, (Doc. 1, p. 4). Thus, Mr. El Bey seems to assert an excessive force claim and a due process claim against the City and Officer Templeton. Mr. El Bey asserts no substantive claim against Mayor Finley. Therefore, the Court will grant Mayor Finley's motion to dismiss.

The Court has fulfilled its obligation to construe Mr. El Bey's allegations liberally, but if he wants to pursue either an excessive force claim or a due process claim, Mr. El Bey must re-plead his claims and he must comply with Federal Rules of Civil Procedure 8(a),[5] 8(d),[6] 10(a),[7] 10(b),[8] and 11(b).[9] Accordingly, the Court

---

[4] The City defendants also argue that the Court should dismiss Mr. El Bey's complaint because he does not allege a valid ground for removal, and he attempts to proceed as a fictitious party. (Doc. 7, pp. 2–3). The Court does not reach these arguments because the Court is giving Mr. El Bey an opportunity to re-plead his excessive force and due process claims.

[5] **Claim for Relief.** A pleading that states a claim for relief must contain:

> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

**(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

**(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

6      **Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.**

**(1)** *In General.* Each allegation must be simple, concise, and direct. No technical form is required.

**(2)** *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

**(3)** *Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.

Fed. R. Civ. P. 8(d).

7      **Caption; Names of Parties.** Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

Fed. R. Civ. P. 10(a).

8      **Paragraphs; Separate Statements**. A party must state its claims and defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

9      **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the

will give Mr. El Bey an opportunity to amend his complaint to adequately plead a claim under 42 U.S.C. § 1983 that the City and/or Officer Templeton violated his constitutional rights. The amended complaint should contain a separate count for each claim and a factual basis for only that claim. The amended complaint should include all of Mr. El Bey's claims in this action.

## CONCLUSION

For the reasons stated, the Court GRANTS Judge Parker and Madison Municipal Court's motions to dismiss. (Docs. 13, 15). The Court GRANTS Mayor Finley's motion to dismiss. (Doc. 6). The Court DENIES AS MOOT the pending motions to strike. (Docs. 8, 22). Mr. El Bey may not pursue discovery until he submits an amended complaint. The Court offers Mr. El Bey an opportunity to amend his complaint to assert claims against the City of Madison

---

> person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

and Officer Templeton. If Mr. El Bey wishes to file an amended complaint, then he shall please file the amended complaint **on or before April 20, 2018**. If Mr. El Bey does not file an amended complaint on or before April 20, 2018, then pursuant to Federal Rule of Civil Procedure 41(b), the Court will dismiss this action for failure to prosecute.

        **DONE** and **ORDERED** this March 27, 2018.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE